IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| J. WALTER WOOD, JR., in official capacity as Executive Director of the Alabama Department of Youth Services, | ) ) ) ) ) ) |
| Defendant. | ) |

CIVIL ACTION NO. 2:05cv1030-T

## ANSWER

The Department of Youth Services (DYS), by and through their attorney T. Dudley Perry, Jr., Assistant Attorney General, in response to the plaintiff's complaint for injunctive and declaratory relief, deny and allege as follows:

### PRELIMINARY STATEMENT

1. DYS admits the allegations of Paragraph 1.

2. DYS denies the material allegations of paragraph 2 and demands strict proof thereof.

3. DYS denies the allegations of paragraph 3 and demands strict proof thereof.

4. The allegations of paragraph 4 do not require a response.

### JURISDICTION

5. DYS admits that jurisdiction is proper.

6. DYS admits that venue is proper.

### PARTIES

7. All material allegations of paragraph 7 are denied and DYS demands strict proof thereof.

8. DYS denies the material allegations of paragraph 8 and demands strict proof thereof.

9. The allegations of paragraph 9 do not require a response. DYS denies that all juveniles placed in DYS custody are "clients" of ADAP.

10. DYS admits the allegations of Paragraph 10.

## STATEMENT OF FACTS

11. The allegations of paragraph 11 do not require a response.

12. DYS admits the allegations of paragraph 12.

13. The allegations of paragraph 13 do not require a response.

14. DYS admits that the PAIMI authorizes P& A systems access to records of clients of the system if authorized. DYS denies all other material allegations of paragraph 14.

15. DYS denies that the PAIMI authorizes ADAP unaccompanied access to all areas of DYS facilities. Few, if any, juveniles in DYS custody are mentally ill. The PAIMI does not authorize access to residents who are not "clients" of ADAP or facilities in which juveniles who are not clients are placed.

14. DYS denies the allegations of paragraph 14 (incorrectly numbered in the complaint)[1] and denies strict proof thereof. Chalkville is not a detention facility but is a residential facility for juvenile delinquents–not mentally ill juveniles.

16. DYS is without information necessary to admit or deny the allegation that ADAP

---

[1] Paragraphs after number 15 in the complaint and in this answer are incorrectly numbered for convenience. The paragraph numbers in this document correspond to the paragraph numbers in the complaint.

received two separate complaints regarding the alleged beating of J.P. by a DYS security guard. DYS admits that ADAP was granted unrestricted access to Chalkville and met with several students and staff at Chalkville, and DYS admits that J.P. is a juvenile delinquent and is diagnosed with bipolar disorder. All other material allegations of paragraph 16 are denied and DYS demands strict proof thereof.

17. DYS admits that legal custody of J.P. resides with DYS and that parental rights have not been terminated. All other material allegations of paragraph 17 are denied and DYS demands strict proof thereof.

18. DYS admits the allegations of paragraph 18.

19. DYS is without sufficient information to admit or deny the allegations of paragraph 19 and demands strict proof thereof. DYS denies that the allegations by J.P. are truthful.

20. DYS denies the material allegations of paragraph 20 and demands strict proof thereof.

21. DYS denies the material allegations of paragraph 21 and demands strict proof thereof.

22. DYS admits the allegations of paragraph 22.

23. DYS admits the allegations of paragraph 23.

24. DYS admits the allegations of paragraph 24.

25. DYS admits the allegations of paragraph 25.

26. DYS denies the material allegations of paragraph 26 and demands strict proof thereof.

27. DYS denies the material allegations of paragraph 27 and demands strict proof

thereof.

28. DYS denies the material allegations of paragraph 28 and demands strict proof thereof.

29. DYS denies the material allegations of paragraph 29 and demands strict proof thereof.

30. DYS denies the material allegations of paragraph 30 and demands strict proof thereof.

31. DYS denies the material allegations of paragraph 31 and demands strict proof thereof.

32. DYS denies the material allegations of paragraph 32 and demands strict proof thereof.

33. DYS denies the material allegations of paragraph 33 and demands strict proof thereof.

34. DYS admits that the individual accused of abusing J.P. has been placed on leave. DYS denies all other material allegations of paragraph 26 and demands strict proof thereof.

## CAUSE OF ACTION

35. The allegations of paragraph 35 do not require a response.

## PRAYER FOR RELIEF

36. The allegations of paragraph 36 do not require a response.

## DEFENSES

1. J.P. is not at Chalkville and there is therefore no case or controversy relating to access to J.P. Moreover, there was no case or controversy regarding ADAP's "access" to J.P. while she

was at Chalkville. By ADAP's own admission, access to J.P. was granted.

3. ADAP is not entitled to access to juveniles who are not "clients" of ADAP. Walter Wood has no objection to granting ADAP the access to which it is entitled, but, generally, DYS students are not clients of ADAP because they are not mentally ill or disabled. Moreover, if any DYS students are clients of ADAP to whom ADAP should have access, broad access to students who are <u>not</u> clients would violate state law because the PAIMI Act does not provide protection or preemption for disclosing confidential information to a P&A regarding students who are <u>not</u> ADAP clients.

4. DYS is not a "facility" as defined under the act. DYS is not a "detention facility" or a "prison" and does not operate any such facilities. DYs is an agency that operates training schools and residential facilities for youth committed to state custody to prevent delinquency.

5. Juveniles committed to the custody of the state and placed in DYS facilities are not "individuals with a mental illness." Moreover, DYS is not a mental health institution.

        Respectfully submitted,
        TROY KING
        ATTORNEY GENERAL

        <u>s/T. Dudley Perry, Jr.</u>
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        Assistant Attorney General
        Attorney for the Defendants
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICES

I hereby certify that on the 21st day of November, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James A. Tucker
Lauren Carr
Nancy Ellen Anderson
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, AL 35487

                                Respectfully submitted,
                                TROY KING
                                ATTORNEY GENERAL


                                s/T. Dudley Perry, Jr.
                                T. Dudley Perry, Jr.
                                Bar Number: 3985-R67T
                                Assistant Attorney General
                                Attorney for the Defendants
                                Alabama Department of Youth Services